# Exhibit A

1 | RAYMOND P. BOUCHER, SBN 115364 _A6024_
2 | LAUNA ADOLPH, SBN 227743
SCOTT L. TILLETT, SBN SBN 275119 _90250_
3 | **KHORRAMI BOUCHER SUMNER
SANGUINETTI, LLP**
4 | 444 S. Flower St., Thirty-Third Floor _DEPT.310_
Los Angeles, California 90071
5 | Telephone:  (213) 596-6000 _KENNETH_
Facsimile:   (213) 569-6010 _FREEMAN_

**FILED**
Superior Court Of California
County Of Los Angeles

MAR 11 2014

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Judi Lara

6 | SAHAG MAJARIAN II, SBN 146621
7 | **LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Boulevard
8 | Tarzana, California 91356
Telephone:  (818) 609-0807
9 | Facsimile:   (818) 609-0892

10 | Attorneys for Plaintiff,
BERTA MARTIN DEL CAMPO

11

12 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 | **COUNTY OF LOS ANGELES**

14 | BERTA MARTIN DEL CAMPO, individually
and on behalf of all others similarly situated,
15 |
Plaintiff,
16 |
v.
17 |
HOMETOWN BUFFET, INC., a Minnesota
18 | corporation; OCB RESTAURANT
COMPANY, LLC, a Minnesota limited liability
19 | company; OVATION BRANDS, INC.; and
DOES 1 through 50, inclusive,
20 |
21 | Defendants.
22
23
24
25
26
27
28

Case No. **BC538899**

CLASS ACTION

**COMPLAINT**

(1)  Failure to Authorize and Permit Rest
Periods;
(2)  Failure to Provide Meal Periods;
(3)  Failure to Reimburse for Necessary
Business Expenditures (Labor Code §
2800 );
(4)  Failure to Timely Pay Wages Upon
Termination or Resignation (Labor
Code §§ 201 and 202);
(5)  Failure to Furnish Accurate Wage
Statements (Labor Code § 226(a)); and
(6)  Unlawful, Deceptive, and/or Unfair
Business Practices (Business &
Professions Code §§ 17200 et seq.)

**DEMAND FOR JURY TRIAL**

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

03/11/2014

**KBSS**

CLASS ACTION COMPLAINT

1

Plaintiff Berta Martin del Campo ("Plaintiff"), individually and on behalf of all others similarly situated, hereby alleges as follows:

## INTRODUCTION

1.      This class action complaint challenges the policies and practices of HOMETOWN BUFFET, INC., OCB RESTAURANT COMPANY, LLC, OVATION BRANDS, INC., and DOES 1 through 50, inclusive (collectively, "Defendants"), which violate the rights of Californians under the California Labor Code, the Industrial Welfare Commission's ("IWC") Wage Order 5-2001 ("Wage Order 5"), Business & Professions Code §§ 17200, *et seq.*, and other applicable statutes and regulations.  Defendants routinely fail to provide employees with rest breaks, fail to provide employees with a meal break within five (5) hours of beginning work, fail to reimburse employees for mileage and necessary business expenses, fail to pay wages due to employees in a timely manner upon termination or resignation, and fail to provide accurate wage statements as required by California law. Defendants' current and former employees have been damaged as a direct result of the above-described unlawful employment practices. Thus, Plaintiff and other similarly-situated current and former non-exempt Hometown Buffet employees are owed substantial unpaid wages and applicable penalties.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      The California Superior Court has jurisdiction over Defendants because they are corporations and/or entities and/or persons with sufficient minimum contacts in California, are citizens of California, or otherwise intentionally availed themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

03/11/2014



2

CLASS ACTION COMPLAINT

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

1    4.    Venue is proper in the County of Los Angeles because Defendants exist,

2    transact business and/or have offices in this Judicial District; and/or venue is proper in this

3    Court pursuant to California Code of Civil Procedure § 395 because certain acts and omissions

4    complained of arose in this County.

5    **PARTIES**

6    5.    Plaintiff BERTA MARTIN DEL CAMPO is, and at all relevant times has been,

7    a resident of Los Angeles County, California.  Plaintiff was an "employee" as that term is used

8    in the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders

9    regulating wages, hours, and working conditions.  While employed by Defendants, Plaintiff

10    was routinely not provided with rest periods, not timely provided with meal periods, was not

11    reimbursed for necessary business expenditures, not timely compensated for all hours worked

12    upon termination, and was not provided with accurate wage statements.

13    6.    Defendant HOMETOWN BUFFET, INC. ("Hometown Buffet") is, and at all

14    relevant times was, a Minnesota corporation having its principal place of business at 405

15    Lancaster Avenue, Greer, South Carolina 29650.  Plaintiff is informed and believes, and based

16    thereon alleges, that Hometown Buffet operates throughout the State of California, including in

17    the County of Los Angeles.  Hometown Buffet is a "person" as defined in Labor Code § 18

18    and California Business & Professions Code § 17201.  Hometown Buffet is also an "employer"

19    as that term is used in the California Labor Code and the IWC Wage Orders.

20    7.    Defendant OCB RESTAURANT COMPANY, LLC ("OCB Restaurant") is, and

21    at all relevant times was, a Minnesota corporation having its principal place of business at 405

22    Lancaster Avenue, Greer, South Carolina 29650.  Plaintiff is informed and believes, and based

23    thereon alleges, that OCB Restaurant operates throughout the State of California.  OCB

24    Restaurant is a "person" as defined in Labor Code § 18 and California Business & Professions

25    Code § 17201.  OCB Restaurant is also an "employer" as that term is used in the California

26    Labor Code and the IWC Wage Orders.

27    8.    Defendant OVATION BRANDS, INC. ("Ovation") is, and at all relevant times

28    was, a Minnesota corporation having its principal place of business at 405 Lancaster Avenue,

03-11-2014

3



KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

1   Greer, South Carolina 29650.  Plaintiff is informed and believes, and based thereon alleges,

2   that Ovation operates throughout the State of California.  Ovation is a "person" as defined in

3   Labor Code § 18 and California Business & Professions Code § 17201.  Ovation is also an

4   "employer" as that term is used in the California Labor Code and the IWC Wage Orders.

5        9.      The true names and capacities, whether corporate, associate, individual, or

6   otherwise of DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said

7   defendants by such fictitious names pursuant to California Code of Civil Procedure § 474.

8   Each of the defendants designated herein as a Doe is negligently or otherwise legally

9   responsible in some manner for the events and happenings herein referred to and caused

10  injuries and damages proximately thereby to Plaintiff, as herein alleged.  Plaintiff will seek

11  leave of Court to amend this complaint to show the names and capacities when the same have

12  been ascertained.

13       10.     Plaintiff is informed and believes, and based thereon alleges, that each of the

14  defendants acted in concert with each and every other defendant, intended to and did

15  participate in the events, acts, practices, and courses of conduct alleged herein, and was a

16  proximate cause of damage and injury thereby to Plaintiff as alleged herein.

17       11.     At all times herein mentioned, each defendant was the agent or employee of

18  each of the other defendants, and was acting within the course and scope of such agency or

19  employment.

20                **FACTS COMMON TO ALL CAUSES OF ACTION**

21       12.     Plaintiff was employed by Defendants at the Hometown Buffet restaurant

22  located at 12139 Hawthorne Boulevard, Hawthorne, California 90250, from approximately

23  July 2011 until she was terminated on or about September 20, 2013.

24       13.     Plaintiff and members of the proposed class were hired by Defendants to work

25  at Hometown Buffet restaurant locations throughout California.

26       14.     At all relevant times, Defendants classified Plaintiff and members of the

27  proposed class as non-exempt employees.

28

4

CLASS ACTION COMPLAINT



KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

15.   Defendants had the authority to hire and terminate Plaintiff and members of the proposed class; to set work rules and conditions governing Plaintiff's and the class members' employment; and to supervise their daily employment activities.

16.   Defendants directly hired and paid wages and benefits to Plaintiff and members of the proposed class.

17.   At all relevant times, Defendants failed to provide  Plaintiff and class members with legally-compliant ten (10) minute rest periods for every four (4) hours worked, as required by California law.

18.   At all relevant times, Defendants failed to provide Plaintiff and class members with legally-compliant thirty (30) minute meal periods within five (5) hours of commencing work, as required by California law.

19.   At all relevant times, Defendants required Plaintiff and class members to drive personal vehicles to various locations to retrieve and deliver merchandise and products used in Defendants' business without reimbursing Plaintiff and class members for mileage, as required by California law.

20.   In perpetrating the acts and omissions alleged herein, Defendants acted pursuant to and in furtherance of a policy and practice of failing to provide Plaintiff and class members with legally-compliant meal and rest periods, failing to compensate Plaintiff and class members the required premium pay under Labor Code § 226.7 in lieu of providing all required meal and rest periods, failing to reimburse Plaintiff and the class members for mileage and other necessary business expenditures, failing to pay wages due to Plaintiff and class members in a timely manner upon termination or resignation, and failing to provide Plaintiff and class members with accurate, itemized wage statements.  All such acts are in violation of the California Labor Code, Wage Order 5, Business & Professions Code §§ 17200, *et seq.*, and other applicable statutes and regulations.

21.   Plaintiff is informed and believes, and based thereon alleges, that each and every one of the acts and omissions alleged herein was performed by, and/or attributable to, sefendants Hometown Buffets, Inc., OCB Restaurant Company, LLC, Ovation Brands, Inc.,

5



1    and/or Does 1-50 acting as agents and/or employees, and/or under the direction and control of

2    defendants, and that said acts and failures to act were within the course and scope of said

3    agency, employment, and/or direction and control, and were committed willfully.

4         22.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff and

5    members of the proposed class have suffered and continue to suffer from loss of earnings in

6    amounts as yet to be ascertained, but subject to proof at trial in amounts in excess of the

7    minimum jurisdiction of this Court.

8                          **CLASS ACTION ALLEGATIONS**

9         23.    Plaintiff brings this action individually and on behalf of all persons similarly

10   situated pursuant to Code of Civil Procedure § 382.

11        24.    <u>Description of the Class</u>:  Plaintiff seeks to represent a class composed of and

12   defined as follows:

13       All persons employed by Defendants as non-exempt, non-managerial employees
         in the State of California from March 11, 2010 through the date of class
14       certification.

15        25.    <u>Community of Interest</u>:  Plaintiff alleges that there is a well-defined community

16   of interest in the litigation and that the proposed class is easily ascertainable. Class members

17   may be identified from records maintained by Defendants in the course and scope of their

18   ordinary business and may be notified of the pendency of this action by mail or other

19   reasonable means, using a form of notice similar to that customarily used in class actions.

20        26.    <u>Numerosity</u>:  Plaintiff is informed and believes, and thereon alleges, that the

21   class members are so numerous that joinder of all affected class members individually would

22   be impractical.  The membership of the entire class is unknown to Plaintiff at this time;

23   however, the class is estimated to be well in excess of one thousand (1,000) individuals.

24        27.    <u>Commonality</u>:  This action involves common questions of law and fact, as the

25   action focuses on Defendants' illegal practices and policies throughout the State of California,

26   which have been applied uniformly to all similarly-situated employees, in violation of the

27   California Labor Code, Wage Order 5, and Business & Professions Code § 17200, *et seq*. The

28   questions of law and fact common to the class include, but are not limited to:

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

03/11/2014

6



CLASS ACTION COMPLAINT

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

a)  Whether Defendants engaged in a practice and policy of failing to provide Plaintiff and class members with legally-compliant ten (10) minute rest periods for every four (4) hours worked;

b)  Whether Defendants engaged in a practice and policy of failing to provide Plaintiff and class members with legally-compliant thirty (30) minute meal periods within five (5) hours of commencing work;

c)  Whether Defendants required Plaintiff and class members to drive personal vehicles to deliver and retrieve merchandise and/or business products without reimbursing Plaintiff and class members for mileage;

d)  Whether Defendants failed to pay all wages due to Plaintiff and class members within the required time upon their discharge or resignation;

e)  Whether Defendants failed to provide Plaintiff and class members with accurate, itemized wage statements in compliance with Labor Code § 226;

f)  Whether Defendants' conduct was willful or reckless;

g)  Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*; and

h)  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law.

28.    <u>Typicality</u>:  Plaintiff's claims are typical of the class members' claims because Defendants subjected all class members to similar and/or identical violations of the California Labor Code, Wage Order 5, and Business & Professions Code § 17200, *et seq.*

29.    <u>Adequacy of Representation</u>:  Plaintiff will fairly and adequately represent and protect the interests of the class, and has retained counsel competent and experienced in class action litigation to ensure such protection.  Plaintiff has no interests antagonistic to, or in conflict with, the class.  Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the class members.

7

CLASS ACTION COMPLAINT



30.   Superiority of Class Action:  A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein because joinder of all class members is impracticable.  Class treatment will allow these similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and judicial system.

## FIRST CAUSE OF ACTION

## FAILURE TO AUTHORIZE AND PERMIT REST PERIODS

**(By Plaintiff Against Defendants)**

31.   The preceding allegations are incorporated by reference as though fully set out herein.

32.   Pursuant to Labor Code § 226.7and Wage Order 5, Defendants are required to authorize and permit Plaintiff and members of the proposed class to take an uninterrupted ten (10) minute rest period for every four (4) hours of work or major fraction thereof or pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided.

33.   Plaintiff and members of the proposed class routinely work in excess of four (4) hours and/or multiples thereof, but Defendants failed to provide Plaintiff and class members with proper rest periods or otherwise compensate them for missed rest periods in violation of the aforementioned California labor laws and regulations.

34.   As a result of the conduct alleged herein, Plaintiff and the class members have been damaged by Defendants' failure to authorize and permit rest periods in an amount to be established at the time of trial.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

**(By Plaintiff Against Defendants)**

35.   The preceding allegations are incorporated by reference as though fully set out herein.

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

03 / 11 / 2014

8



36.    Pursuant to Labor Code §§ 226.7 and 512 and Wage Order 5, Defendants are required to provide non-exempt employees a meal period not less than thirty (30) minutes in duration prior to the fifth and the tenth hours of work or pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that a meal period is not provided.

37.    Plaintiff and members of the proposed Class routinely work in excess of five (5) hours and/or multiples thereof, but Defendants fail to provide Plaintiff and class members with proper meal periods or otherwise compensate them for missed and/or delayed meal periods, in violation of the aforementioned California labor laws and regulations.

38.    As a result of the conduct alleged herein, Plaintiff and the class members have been damaged by Defendants' failure to provide meal periods in an amount to be established at the time of trial.

## THIRD CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES

### (by Plaintiff Against All Defendants)

39.    The preceding allegations are incorporated by reference as though fully set out herein.

40.    Pursuant to Labor Code § 2802 and Wage Order 5, an employer must indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

41.    As alleged herein, Plaintiff and class members were forced to make expenditures, by way of Defendants' policy requiring employees to drive personal vehicles to retrieve and deliver merchandise and/or products for Defendants' business.  Plaintiff and class members purchased gasoline and suffered wear and tear to their personal vehicles as a result of these deliveries. These expenditures occurred as a condition of employment with Defendants. Defendants, however, failed to indemnify and reimburse Plaintiff and class members in violation of Labor Code § 2802 and Wage Order 5.

42.    Defendants' unlawful wage deductions, as alleged herein, were at all times knowing and willful.

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

9



43.    As a result of the conduct alleged herein, Plaintiff and the class members have been damaged by Defendants' failure to reimburse business expenses in an amount to be established at the time of trial.

### FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES UPON TERMINATION OR RESIGNATION

(by Plaintiff Against All Defendants)

44.    The preceding allegations are incorporated by reference as though fully set out herein.

45.    Pursuant to Labor Code §§ 201 and 202, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

46.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the class members all wages, earned and unpaid, within seventy-two (72) hours of Plaintiff and the class members leaving Defendants' employ.

47.    Defendants' failure to pay Plaintiff and the class members all wages, earned and unpaid, within seventy-two (72) hours of them leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

48.    Pursuant to Labor Code § 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 and 202, any wages of an employee who is discharged or who resigns, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action has commenced; but the wages shall not continue for more than thirty (30) days.

49.    Plaintiff and class members are entitled to recover the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to Labor Code § 203.

10

CLASS ACTION COMPLAINT



KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

50.    As a result of the conduct alleged herein, Plaintiff and the class members have been damaged in an amount to be established at the time of trial.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

(By Plaintiff Against All Defendants)

51.    The preceding allegations are incorporated by reference as though fully set out herein.

52.    Pursuant to California Labor Code § 226(a), every employer shall furnish each of its employees an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

53.    Defendants intentionally and willfully failed to provide Plaintiff and Class Members with wage statements that accurately listed the total number of hours worked.

54.    Plaintiff and the class members have suffered injury as a result of Defendants' knowing and intentional violation of California Labor Code § 226(a), as they could not and cannot promptly and easily determine from the wage statements alone the total number of hours worked.

55.    Plaintiff and the class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not to exceed $4,000 per employee, as well as costs of suit and reasonable attorneys' fees pursuant to Labor Code § 226(e).

11

CLASS ACTION COMPLAINT



KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

## SIXTH CAUSE OF ACTION

### UNLAWFUL, DECEPTIVE, AND/OR UNFAIR BUSINESS PRACTICES

(By Plaintiff Against All Defendants)

56. The preceding allegations are incorporated by reference as though fully set out herein.

57. California Business & Professions Code § 17200 provides that "unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice."

58. Defendants are "persons" as defined under Business & Professions Code § 17201.

59. Defendants' failure to provide Plaintiff and the class members with ten (10) minute rest periods, in violation of the California Labor Code and Wage Order 5, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq.*

60. Defendant's failure to provide Plaintiff and the class members with thirty (30) minute meal periods within five (5) hours of commencing work, in violation of the California Labor Code and Wage Order 5, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business & Professions Code §§ 17200, *et seq.*

61. Defendant's failure to reimburse Plaintiff and the class members for necessary business expenses, including, but not limited to mileage, in violation of the California Labor Code and Wage Order 5, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business & Professions Code §§ 17200, *et seq.*

62. Defendants' failure to timely provide compensation for all hours worked upon termination or resignation, in violation of the California Labor Code and Wage Order 5, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business & Professions Code §§ 17200, *et seq.*

12

CLASS ACTION COMPLAINT

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

1    63.   Defendants' failure to provide accurate wage statements, in violation of the

2  California Labor Code and Wage Order 5, as alleged above, constitutes unlawful and/or unfair

3  activity prohibited by Business & Professions Code §§ 17200, et seq.

4    64.   Defendants' business acts and omissions alleged herein constitute unfair trade

5  practices, in violation of Business & Professions Code §§ 17200, et seq.

6    65.   Plaintiff and class members have suffered injury in fact and have lost money or

7  property as a result of Defendants' unfair competition as alleged herein.

8    66.   By and through the unfair and unlawful business practices described herein,

9  Defendants have obtained valuable property, money and services from Plaintiff and class

10  members and have deprived Plaintiff and class members of valuable rights and benefits

11  guaranteed by the law, all to the detriment of Plaintiff and class members.

12    67.   By violating the California Labor Code and Wage Order 5, and by failing to

13  take appropriate measures to address these violations, Defendants' acts constitute *per se* acts of

14  unlawful, deceptive, and/or unfair business practices under Business & Professions Code §

15  17200, et seq.

16    68.   As a direct, foreseeable, and proximate result of Defendants' acts and omissions

17  alleged herein, Plaintiff and class members have been deprived of substantial wages to which

18  they are entitled by law, all redounding to the unjust enrichment of Defendants.  Accordingly,

19  Plaintiff and class members are entitled to restitution of such wages as is specifically

20  authorized by Business & Professions Code § 17203.

21    69.   Continuing commission of the acts alleged above will irreparably harm

22  Defendants' current employees for which harm they have no plain, speedy, or adequate remedy

23  at law.  Accordingly, Defendants must be enjoined from further engaging in these practices as

24  more fully set forth below.

25    70.   As a result of the conduct alleged herein, Plaintiff and the class members have

26  been damaged in an amount to be established at the time of trial.

27  ///

28  ///

13

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, hereby prays for relief as follows:

1.     For an order certifying this action as a class action pursuant to Code of Civil Procedure § 382;

2.     For general damages in an amount within the jurisdictional limits of this Court, according to proof;

3.     For loss of earnings, according to proof;

4.     For restitution of all monies due to Plaintiff and class members;

5.     For interest pursuant to Labor Code §§ 218.6 and 1194;

6.     For penalties pursuant to Labor Code §§ 203 and 558, and applicable Industrial Welfare Commission Wage Orders;

7.     For reasonable attorneys' fees pursuant to Labor Code §§ 218.5, 226(e) and 1194, and Code of Civil Procedure §§ 1021.5 and 1032-1033.5;

8.     For costs of suit including all expenses incurred herein pursuant to Labor Code §§ 218.5, 226(e), and 1194; and

9.     For all other relief this Court deems just and proper.


Dated: March 11, 2014            **KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP**


By: _____
RAYMOND P. BOUCHER
LAUNA ADOLPH
SCOTT L. TILLETT

Attorneys for Plaintiff,
BERTA MARTIN DEL CAMPO



KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

03/11/2014

14

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a trial by jury on all issues so triable.

Dated: March 11, 2014

KHORRAMI BOUCHER SUMNER
SANGUINETTI, LLP

By: _____
RAYMOND P. BOUCHER
LAUNA ADOLPH
SCOTT L. TILLETT

Attorneys for Plaintiff,
BERTA MARTIN DEL CAMPO

KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

15

# Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

HOMETOWN BUFFET, INC., a Minnesota corporation;
    Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

BERTA MARTIN DEL CAMPO, individually and on behalf of all
others similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

MAR 11 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es:)  Los Angeles Superior Court<br><br>Stanley Mosk Courthouse<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>(Número del Caso):<br>**BC 538899** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Raymond P. Boucher (115364), Launa Adolph (227743), Scott Tillett (275119), KHORRAMI BOUCHER
SUMNER SANGUINETTI, LLP, 444 S. Flower St., 33rd Fl., Los Angeles, CA 90071, Tel: (213) 596-6000, Fax (213) 596-6010

| DATE:<br>(Fecha) | SHERRI R. CARTER | Clerk, by<br>(Secretario) | Judi Lara | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAR 11 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): OCB Restaurant company LLC
    a Minnesota limited liability company
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☑ other (specify): 415.95 Business organization FORM UNKNOWN
4. ☐ by personal delivery on (date) 5.9.14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DEL CAMPO v. HOMETOWN BUFFET, INC., et. al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

OCB RESTAURANT COMPANY, LLC, a Minnesota limited liability company; OVATION BRANDS, INC.; and DOES 10 through 50 inclusive,

Page _____ of _____

Page 1 of 1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

BC538899

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge William F. Highberger | 307 | 1402 |
| OTHER | | |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record MAR 11 2014        SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06                                    By _____, Deputy Clerk
For Optical Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11            **STIPULATION – DISCOVERY RESOLUTION**                    Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. **This document relates to:**
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).
3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:

E-MAIL ADDRESS (Optional):

FAX NO. (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                (ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                                (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤ (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____                    _____
                                                JUDICIAL OFFICER

| SHORT TITLE: DEL CAMPO v. HOMETWON BUFFET, INC., et. al. | CASE NUMBER BC538899 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☑ YES   LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☐ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: DEL CAMPO v. HOMETWON BUFFET, INC., et. al. | | CASE NUMBER | |
|---|---|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Business Tort (07)** | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| **Civil Rights (08)** | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| **Defamation (13)** | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| **Fraud (16)** | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| **Professional Negligence (25)** | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| **Other (35)** | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Wrongful Termination (36)** | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| **Other Employment (15)** | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Breach of Contract/ Warranty (06)<br>(not insurance)** | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections (09)** | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage (18)** | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract (37)** | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Eminent Domain/Inverse Condemnation (14)** | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| **Wrongful Eviction (33)** | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| **Other Real Property (26)** | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer-Commercial (31)** | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer-Residential (32)** | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer-Post-Foreclosure (34)** | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| **Unlawful Detainer-Drugs (38)** | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

Row categories (left margin):
- Non-Personal Injury/ Property Damage/ Wrongful Death Tort
- Employment
- Contract
- Real Property
- Unlawful Detainer

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: DEL CAMPO v. HOMETWON BUFFET, INC., et. al. | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9 |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: DEL CAMPO v. HOMETWON BUFFET, INC., et. al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 12139 Hawthorne Boulevard |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Hawthorne | STATE: CA | ZIP CODE: 90250 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 11, 2014

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Raymond P. Boucher (115364), Launa Adoph (227743), Scott Tillett (275119)
KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
TELEPHONE NO.: (213) 596-6000    FAX NO.: (213) 569-6010
ATTORNEY FOR (Name): Berta Martin Del Campo

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**FOR COURT USE ONLY**

**CONFORMED COPY
ORIGINAL FILED**
Superior Court Of California

MAR 1 1 2014

Sherri H. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

CASE NAME:
Del Campo v. Hometown Buffet, Inc., et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 5 3 8 8 9 Q |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Six (6)
5. This case ☑ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 11, 2013
Launa Adolph
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# Exhibit C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 03/24/14 | | DEPT. 310 |
|---|---|---|
| HONORABLE KENNETH R. FREEMAN | JUDGE R. ARRAIGA | DEPUTY CLERK |
| HONORABLE #6 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| M. WEBB, C.A. Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC538899 | Plaintiff Counsel | NO APPEARANCES |
| BERTA MARTIN DEL CAMPO ET AL VS HOMETOWN BUFFET INC ET AL | Defendant Counsel | |
| Complex-3-24-2014 | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for June 13, 2014, at 9:00 a.m., in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 310

MINUTES ENTERED
03/24/14
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 03/24/14                                                             **DEPT.**  310

HONORABLE KENNETH R. FREEMAN        JUDGE   R. ARRAIGA          DEPUTY CLERK

HONORABLE                                  JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
#6
         M. WEBB, C.A.          Deputy Sheriff  NONE                       Reporter

BC538899                          Plaintiff
                                  Counsel
BERTA MARTIN DEL CAMPO ET AL                  NO APPEARANCES
VS                                Defendant
HOMETOWN BUFFET INC ET AL         Counsel

Complex-3-24-2014

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section
170.6.

According to Government Code Section 70616
subdivisions (a) and (b), each party shall pay a fee
of $1,000.00 to the Los Angeles Superior Court within
10 calendar days from this date.

The plaintiff must serve a copy of this minute order
on all parties forthwith and file a Proof of Service
in this department within seven days of service.

Counsel are directed to access the following link for
information on procedures in the Complex Litigation
Program courtrooms:

http://courtnet/internet/civil/UI/
ToolsForLitigators2.aspx

        CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served this Minute Order and the Initial Status
Conference Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail

                Page   2 of  3    DEPT. 310

**MINUTES ENTERED**
03/24/14
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 03/24/14 | | DEPT. 310 |
| HONORABLE KENNETH R. FREEMAN JUDGE | R. ARRAIGA | DEPUTY CLERK |
| HONORABLE #6 JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| M. WEBB, C.A. Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC538899 | Plaintiff Counsel | |
| BERTA MARTIN DEL CAMPO ET AL VS HOMETOWN BUFFET INC ET AL | Defendant Counsel | NO APPEARANCES |
| Complex-3-24-2014 | | |

**NATURE OF PROCEEDINGS:**

at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: March 24, 2014

Sherri R. Carter, Executive Officer/Clerk

By: R. ARRAIGA, Deputy Clerk

Raymond P. Boucher
Launa Adolph
KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower St. Thirty-Third Floor
Los Angeles, CA 90071

Page   3 of 3   DEPT. 310

```
MINUTES ENTERED
03/24/14
COUNTY CLERK
```

# Exhibit D

1

2

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 24 2014

Sherri R. Carter, Executive Officer/Clerk
By: Roxanne Arraiga, Deputy

3

4

5

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10                      CENTRAL DISTRICT

11  | BERTA MARTIN DEL CAMPO, et al. | Case No. BC538899 |
    | --- | --- |
12  | Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
13  | vs. | |
14  | HOMETOWN BUFFET, INC., et al. | Case Assigned for All Purposes to Judge Kenneth R. Freeman |
15  | Defendants. | |
16  | | Department: 310 Date:      June 13, 2014 Time:      9:00 a.m. |

17         This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex

18  Litigation Program.  An Initial Status Conference is set for June 13, 2014 at 9:00 a.m. in

19

20  Department 310 located in the Central Civil West Courthouse at 600 South Commonwealth

21  Avenue, Los Angeles, California 90005.  Counsel for all parties are ordered to attend.

22         The Court orders counsel to prepare for the Initial Status Conference by identifying and

23  discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

24  initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

25  agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status

26
    Conference Class Action Response Statement five court days before the Initial Status Conference.
27

28  The Joint Response Statement  must be filed on line-numbered pleading paper and must

────────────────────────────────────────

INITIAL STATUS CONFERENCE ORDER

specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to

INITIAL STATUS CONFERENCE ORDER

resolve those issues.  The vehicles include:

- ■ Early motions in limine,

- ■ Early motions about particular jury instructions,

- ■ Demurrers,

- ■ Motions to strike,

- ■ Motions for judgment on the pleadings, and

- ■ Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1].  Counsel are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9.  CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4[th] 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10.  PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11.  DISCOVERY:**  Please discuss discovery.  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.   The Court generally allows discovery on matters relevant to class certification, which

---

[1]See Code Civ. Proc. § 437c, subd.(s)

-3-

INITIAL STATUS CONFERENCE ORDER

(depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12. INSURANCE COVERAGE:**  Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

■ A filing deadline for the motion for class certification, and

■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 310) prefers that the parties select:

■ **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

---

[2] See California Rule of Court, Rule 3.768.

-4-

- File & Serve Xpress (https://secure.fileandservexpress.com) or
- CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement.  If there is agreement, please identify the vendor.  If parties cannot agree, the Court will select the vendor at the Initial Status Conference.  Electronic service is not the same as electronic filing.  Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

---

[3] California Rule of Court, Rule 3.770(a)

INITIAL STATUS CONFERENCE ORDER

1   parties in managing this "complex" case through the development of an orderly schedule for

2   briefing and hearings on procedural and substantive challenges to the complaint and other issues

3   that may assist in the orderly management of these cases.  This stay shall not preclude the parties

4   from informally exchanging documents that may assist in their initial evaluation of the issues

5   presented in this case, however shall stay all outstanding discovery requests.

6        Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

7   counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

8   service of this order. If any defendant has not been served in this action, service is to be completed

9

10  within twenty (20) days of the date of this order.

11       Dated: March 24, 2014

12

13                                      KENNETH R. FREEMAN

14                          _____
                                    Judge Kenneth R. Freeman

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

INITIAL STATUS CONFERENCE ORDER

# Exhibit E



1　J. KEVIN LILLY, Bar No. 119981
2　SHANNON R. BOYCE, Bar No. 229041
　　FATEMEH S. MASHOUF, Bar No. 28867
3　LITTLER MENDELSON, P.C.
　　2049 Century Park East
4　5th Floor
　　Los Angeles, CA  90067.3107
5　Telephone:    310.553.0308
　　Fax No.:       310.553.5583
6
　　Attorneys for Defendants
7　HOMETOWN BUFFET, INC.; OCB
　　RESTAURANT COMPANY, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUN 05 2014

Sherri R. Carter, Executive Officer-Clerk
By: Margo Webb, Deputy

8
9　　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA

10　　　　　　　　　COUNTY OF LOS ANGELES

11　BERTA MARTIN DEL CAMPO,　　　　　Case No.  BC538899
　　individually and on behalf of all others
12　similarly situated,　　　　　　　　　　ASSIGNED FOR ALL PURPOSES TO
　　　　　　　　　　　　　　　　　　　JUDGE HON. KENNETH R. FREEMAN,
13　　　　　Plaintiff,　　　　　　　　　DEPT. 310

14　　　v.　　　　　　　　　　　　　DEFENDANT HOMETOWN BUFFET,
　　　　　　　　　　　　　　　　　　　INC. AND OCB RESTAURANT
15　HOMETOWN BUFFET, INC., a　　　　COMPANY, LLC'S MOTION FOR
　　Minnesota corporation; OCB　　　　　PEREMPTORY DISQUALIFICATION
16　RESTAURANT COMPANY, LLC, a
　　Minnesota limited liability company;　[CODE OF CIVIL PROCEDURE § 170.6]
17　OVATION BRANDS, INC.; and DOES 1
　　through 50, inclusive,　　　　　　　Trial Date:  None Set
18　　　　　　　　　　　　　　　　　Complaint Filed: 3/11/2014
　　　　　Defendant.

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

PLEASE TAKE NOTICE that the attorneys for Defendants HOMETOWN BUFFET INC. and OCB RESTAURANT COMPANY, LLC ("Defendants") in the above-entitled matter hereby move that this case, which involves contested issues of law and/or fact, and which has been assigned to the Honorable Kenneth R. Freeman., for all purposes, be reassigned from that judge and that no matters hereinafter arising in this case be heard by or assigned to the Honorable Kenneth R. Freeman on the grounds that said judge is prejudiced against Defendants or their interests in this action, such that Defendants believe that they cannot have a fair and impartial trial or hearing before said judge. *See* Declaration of Shannon R. Boyce ("Boyce Decl."), ¶ 4.

"If a peremptory challenge motion in proper form is timely filed under section 170.6, the court must accept it without further inquiry." *Stephens v. Super. Ct.*, 96 Cal. App. 4th 54, 59 (2002); *see also Davcon, Inc. v. Roberts & Morgan*, 110 Cal. App. 4th 1355, 1361-62 (2003) (peremptory challenge is effective "without any further act or proof" when accepted by the judge).

This motion is timely, as Defendants have not yet appeared in this matter. Boyce Decl., ¶ 2; *see also* Cal. Civ. Proc. Code § 170.6; Cal. Gov't Code § 68616; Los Angeles Superior Court Rule 2.5; *Motion Picture and Television Fund Hosp. v. Superior Ct. of Los Angeles County*, 88 Cal. App. 4th 488 (2001); *Cybermedia, Inc. v. Superior Ct. of Los Angeles County*, 72 Cal. App. 4th 910 (1999). Thus, this motion is timely. Defendants have not previously made a peremptory challenge to a judge in this action, and thus this request shall be properly granted. Boyce Decl., ¶ 3.

This motion is based upon the matters contained herein, section 170.6 of the California Code of Civil Procedure, and the supporting Declaration of Shannon R. Boyce, filed and served concurrently herewith.

WHEREFORE, Defendants respectfully request that this Court grant the relief requested.

Dated: June 5, 2014

SHANNON R. BOYCE
LITTLER MENDELSON, P.C.
Attorneys for Defendants
HOMETOWN BUFFET, INC.; OCB
RESTAURANT COMPANY, LLC

Firmwide:127269385.2 079469.1008

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1.

DEFENDANT HOMETOWN BUFFET, INC. AND OCB RESTAURANT COMPANY, LLC'S MOTION FOR
PEREMPTORY DISQUALIFICATION

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On **June 5, 2014**, I served the within document(s):

**DEFENDANT HOMETOWN BUFFET, INC. AND OCB RESTAURANT COMPANY, LLC'S**
**MOTION FOR PEREMPTORY DISQUALIFICATION**
**[CODE OF CIVIL PROCEDURE § 170.6]**

☒   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

| | |
|---|---|
| Raymond P. Boucher | Sahag Majarian II |
| Launa Adolph | LAW OFFICES OF SAHAG MAJARIAN II |
| Scott L. Tillett | 18250 Ventura Boulevard |
| KHORRAMIBOUCHERSUMNER | Tarzana, California 91356 |
| SANGUINETTI, LLP | Telephone: (818) 609-0807 |
| 444 S. Flower St., Thirty-Third Floor | Facsimile: (818) 609-0892 |
| Los Angeles, California 90071 | |
| Telephone: (213) 596-6000 | |
| Facsimile: (213) 569-6010 | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **June 5, 2014**, at Los Angeles, California.

Mary Ann Gerard

Firmwide:126140840.1 079469.1008

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

PROOF OF SERVICE



1  J. KEVIN LILLY, Bar No. 119981
   SHANNON R. BOYCE, Bar No. 229041
2  FATEMEH S. MASHOUF, Bar No. 28867
   LITTLER MENDELSON, P.C.
3  2049 Century Park East
   5th Floor
4  Los Angeles, CA  90067.3107
   Telephone:   310.553.0308
5  Fax No.:      310.553.5583

6  Attorneys for Defendants
   HOMETOWN BUFFET, INC.; OCB
7  RESTAURANT COMPANY, LLC

8

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JUN 05 2014

Sherri R. Carter, Executive Officer-Clerk
By: Margo Webb, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF LOS ANGELES

10

11  BERTA MARTIN DEL CAMPO,
    individually and on behalf of all others
12  similarly situated,

               Plaintiff,
13
           v.
14
    HOMETOWN BUFFET, INC., a
15  Minnesota corporation; OCB
    RESTAURANT COMPANY, LLC, a
16  Minnesota limited liability company;
    OVATION BRANDS, INC.; and DOES 1
17  through 50, inclusive,

18               Defendant.

Case No.  BC538899

ASSIGNED FOR ALL PURPOSES TO
JUDGE HON. KENNETH R. FREEMAN,
DEPT. 310

**DECLARATION OF SHANNON R.
BOYCE IN SUPPORT OF DEFENDANT
HOMETOWN BUFFET, INC. AND OCB
RESTAURANT COMPANY, LLC'S
MOTION FOR PEREMPTORY
DISQUALIFICATION**

[CODE OF CIVIL PROCEDURE § 170.6]

Trial Date:  None Set
Complaint Filed: 3/11/2014

19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1       I, Shannon R. Boyce, declare as follows:

2          1.    I am a member of the State Bar of California and am admitted to practice

3 before this Court.  I am an attorney with the law firm of Littler Mendelson, P.C., counsel of record

4 for Defendants Hometown Buffet, Inc. and OCB Restaurant Company, LLC ("Defendants"). I have

5 personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and

6 would testify competently to each such fact.

7          2.    Defendants have not yet appeared in this action.

8          3.    Defendants have not previously made a peremptory challenge to a judge in

9 this action.

10          4.    I am informed and believe that the Honorable Kenneth Freeman, the judge to

11 whom this matter has been assigned for all purposes, is prejudiced against Defendants such that

12 Defendants cannot, or believe that they cannot, have a fair and impartial trial or hearing before said

13 Judge.

14       I declare under the penalty of perjury under the laws of the State of California and the

15 District of Columbia that the foregoing is true and correct.

16       Executed this 5th day of June, 2014 at Los Angeles, California.

17

18                       _____
                            SHANNON R. BOYCE

19 Firmwide:127338670.1 079469.1008

20

21

22

23

24

25

26

27

28

1.

DECLARATION OF SHANNON R. BOYCE IN SUPPORT OF DEFENDANT HOMETOWN BUFFET, INC. AND
OCB RESTAURANT COMPANY, LLC'S MOTION FOR PEREMPTORY DISQUALIFICATION

1    J. KEVIN LILLY, Bar No. 119981
    SHANNON R. BOYCE, Bar No. 229041
2    FATEMEH S. MASHOUF, Bar No. 288677
    LITTLER MENDELSON, P.C.
3    2049 Century Park East
    5th Floor
4    Los Angeles, CA 90067.3107
    Telephone:   310.553.0308
5    Fax No.:     310.553.5583

6    Attorneys for Defendants
    HOMETOWN BUFFET, INC.; OCB
7    RESTAURANT COMPANY, LLC

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                COUNTY OF LOS ANGELES

| | |
|---|---|
| 11   BERTA MARTIN DEL CAMPO, individually and on behalf of all others similarly situated, | Case No. BC538899 |
| 12 | ASSIGNED FOR ALL PURPOSES TO JUDGE HON. KENNETH FREEMAN, DEPT. 310 |
| 13         Plaintiff, | |
| 14    v. | **[PROPOSED] ORDER GRANTING DEFENDANT HOMETOWN BUFFET, INC. AND OCB RESTAURANT COMPANY, LLC'S MOTION FOR PEREMPTORY DISQUALIFICATION** |
| 15   HOMETOWN BUFFET, INC., a Minnesota corporation; OCB RESTAURANT COMPANY, LLC, a | |
| 16   Minnesota limited liability company; OVATION BRANDS, INC.; and DOES 1 | **[CODE OF CIVIL PROCEDURE § 170.6]** |
| 17   through 50, inclusive, | Trial Date: None Set |
| 18         Defendant. | Complaint Filed: 3/11/2014 |

19

20

21

22

23

24

25

26

27

28

Firmwide:127269467.1 079369.1003

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

[PROPOSED] ORDER GRANTING DEFENDANT HOMETOWN BUFFET, INC. AND OCB RESTAURANT COMPANY, LLC'S MOTION FOR PEREMPTORY DISQUALIFICATION

COPY

RECEIVED
JUN 05 2014
BY:

1

## [PROPOSED] ORDER

2     Defendants Hometown Buffet, Inc. and OCB Restaurant Company, LLC ("Defendants")

3 timely filed a peremptory challenge and supporting declaration under Code of Civil Procedure

4 section 170.6 against the Honorable Kenneth Freeman

5     **IT IS HEREBY ORDERED** that, pursuant to Code of Civil Procedure section 170.6, the

6 Honorable Kenneth Freeman is removed from this case and the case is sent back to the Presiding

7 Judge for reassignment.

8

9 DATED:_____                    _____
                                                      JUDGE OF THE SUPERIOR COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

Firmwide:127269467.1 079469.1008                    1.

[PROPOSED] ORDER GRANTING DEFENDANT HOMETOWN BUFFET, INC. AND OCB RESTAURANT
COMPANY, LLC'S MOTION FOR PEREMPTORY DISQUALIFICATION

1

**PROOF OF SERVICE**

2          I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles,
3  California  90067.3107. On **June 5, 2014**, I served the within document(s):

4  **[PROPOSED] ORDER GRANTING DEFENDANT HOMETOWN BUFFET, INC. AND OCB
   RESTAURANT COMPANY, LLC'S MOTION FOR PEREMPTORY DISQUALIFICATION**
5

6       ☒       by placing a true copy of the document(s) listed above for collection and mailing
                following the firm's ordinary business practice in a sealed envelope with postage
7               thereon fully prepaid for deposit in the United States mail at Los Angeles,
                California addressed as set forth below.
8

9  Raymond P. Boucher                    Sahag Majarian II
   Launa Adolph                          LAW OFFICES OF SAHAG MAJARIAN II
10 Scott L. Tillett                      18250 Ventura Boulevard
   KHORRAMIBOUCHERSUMNER                 Tarzana, California 91356
11 SANGUINETTI, LLP                      Telephone: (818) 609-0807
   444 S. Flower St., Thirty-Third Floor Facsimile: (818) 609-0892
12 Los Angeles, California 90071
   Telephone: (213) 596-6000
13 Facsimile: (213) 569-6010
14

15          I am readily familiar with the firm's practice of collection and processing
16 correspondence for mailing and for shipping via overnight delivery service.  Under that practice it
   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,
17 deposited in an overnight delivery service pick-up box or office on the same day with postage or
   fees thereon fully prepaid in the ordinary course of business.
18

           I declare under penalty of perjury under the laws of the State of California that the
19 above is true and correct. Executed on **June 5, 2014**, at Los Angeles, California.

20

21 Firmwide:126140840.1 079469.1008                          Mary Ann Gerard

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
213.553.1008

PROOF OF SERVICE