Raymond P. Boucher, State Bar No. 115364
  ray@boucher.la
Shehnaz M. Bhujwala, State Bar No. 223484
  bhujwala@boucher.la
Brandon K. Brouillette, State Bar No. 273156
  brouillette@boucher.la
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:   (818) 340-5400
Fax:   (818) 340-5401

Sahag Majarian, II, State Bar No. 146621
  sahagii@aol.com
LAW OFFICES OF SAHAG MAJARIAN II
18250 Ventura Boulevard
Tarzana, California 91356
Tel:   (818) 609-0807
Fax:   (818) 609-0892

*Attorneys for Plaintiff and the Class*

Priority    ___
Send        ___
Enter       ___
Closed      ___
JS-5/JS-6   ✓
JS-2/JS-3   ___
Scan Only   ___

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BERTA MARTIN DEL CAMPO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMETOWN BUFFET, INC., a Minnesota Corporation; OCB RESTAURANT COMPANY, LLC, a Minnesota Limited Liability Company; OVATION BRANDS, INC.; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. 2:14-cv-04378 (RGK) SHx<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES, COSTS AND SERVICE AWARD AND JUDGMENT<br><br>Date:   January 11, 2016<br>Time:   9:00 A.M.<br>Crtrm.:   850 (Roybal)<br><br>*Assigned to the Hon. R. Gary Klausner and to Magistrate Stephen J. Hillman for Discovery Matters*<br><br>Trial Date:   June 14, 2016 |

The Honorable R. Gary Klausner, District Court Judge for the United States District Court, Central District of California, Western Division, held a hearing on the unopposed Motion for an Order Granting Final Approval of Class Action Settlement and unopposed Motion for Attorneys' Fees, Costs, and Service Award, filed by Plaintiff Berta Martin Del Campo ("Plaintiff") in the above-entitled matter, on Monday, January 11, 2016, at 9:00 a.m., in Courtroom 850 of the United States District Court for the Central District of California, Western Division, located at the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California 90012. Due and adequate noticed was given to the Class, as defined below, of this hearing. The Court, having considered all of the arguments raised by Counsel in support of the Motions, and any objections received to the proposed settlement, now issues the following findings and orders.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court maintains jurisdiction over this Action, *Del Campo v. Hometown Buffet, Inc.*, Case No. 2:14-cv-04378 (RGK) SHx pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d), and over Plaintiff, Defendants Hometown Buffet, Inc. and OCB Restaurant Company, LLC ("Defendants"), and all members of the Class, defined as:

> All current and former non-exempt, non-managerial employees employed by Hometown Buffet, Inc. and/or OCB Restaurant Company, LLC ("Defendants") in California at any time between July 19, 2012 and March 31, 2015. ("Class")

2. The term "Stipulation" shall refer to the Joint Stipulation Re: Class Action Settlement and Release submitted by Plaintiff in support of the Motions, and all terms used herein shall have the same meaning as the terms defined in the Stipulation unless otherwise stated in this Order.

3. The Court grants final approval of the terms of the Stipulation because it meets the criteria for final settlement approval. The settlement described in the

Stipulation falls within the range of possible approval and is fair, adequate, and reasonable. It results from an arm's length, informed negotiation by counsel for the parties. It treats all members of the Class fairly.

4. Notice by First Class U.S. Mail of the Notice Packets, consisting of the Court-approved Notice, Claim Form, and Request for Exclusion Form, constituted the best practicable notice to all Class members of the settlement, as set forth in the Stipulation, under the circumstances and fully complied with due process requirements under the United States Constitution, Federal Rules of Civil Procedure, the law of the State of California, and other applicable laws. Based on the evidence submitted in conjunction with the hearing on the Motions, the Court determines that Notice was adequate. These papers informed members of the Class of the terms of the settlement, their right to claim a share of the settlement proceedings, their right to request exclusion from the settlement, and their right to object to the settlement or the Motion for Attorneys' Fees, Costs and Service Award ("Fees Motion"), as well as their right to appear in person or by counsel at the Final Approval hearing and to be heard regarding approval of the settlement and the Fees Motion. Adequate and sufficient periods of time were provided for each of these procedures. A full opportunity was afforded to the Class members to participate in the Final Approval hearing. No member of the Class objected to the Stipulation or the Fees Motion. A total of 95 members of the Class requested exclusion from the settlement. Accordingly, the Court determines that all Class members who did not timely and validly exclude themselves from the settlement are bound by this Order and Judgment.

5. The Court finds, for settlement purposes only, that the Class satisfies the applicable standards for certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and incorporates by reference herein all reasons set forth in the Court's Preliminary Approval Order for granting final approval to certify the Class defined above. Because the Class is being certified for settlement

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES, COSTS AND SERVICE AWARD

purposes, the Court need not and will not address the manageability requirement of Rule 23(b)(3). *See Anchem Products, Inc. v. Windsor,* 521 U.S. 591 (1997).

6. The Court approves the settlement, and each of the releases and other terms set forth in the Stipulation as fair, reasonable, and adequate as to the Class members who did not timely and validly request exclusion, the Plaintiff, and Defendants. The Plaintiff, Defendants, and the Claims Administrator are directed to perform in accordance with the terms set forth in the Stipulation.

7. With the exception of any individual member of the Class who validly and timely requested exclusion, all of the claims asserted are dismissed with prejudice as to the Plaintiff and the members of the Class. The parties are to bear their own fees and costs except as otherwise provided in the Stipulation and herein.

8. By this Judgment, Plaintiff and all members of the Settlement Class, except for Class members who timely and validly requested exclusion, regardless of whether the Class members submitted timely, valid claim forms or not, hereby release Defendants and the Released Parties as defined in the Stipulation from the Released Claims as defined in the Stipulation.

9. By this Judgment, the Settlement Class members and Class Counsel shall be deemed to have released all claims for attorneys' fees and costs incurred in connection with this Action and settlement thereof.

10. The Action is dismissed on the merits and with prejudice, permanently barring the Settlement Class members from prosecuting any Released Claims. The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Plaintiff, the Settlement Class, and Defendants for the purpose of supervising the implementation, effectuation, enforcement, construction, administration, and interpretation of the Stipulation and this Judgment.

11. The Court determines that the plan of allocation for payment of the Net Settlement Amount as set forth in the Stipulation is fair and reasonable and that distribution of the Net Settlement Amount to the Settlement Class shall be done in

accordance with the terms outlined in the Class Notice and Stipulation.

12. Plaintiff, Berta Martin Del Campo, is hereby appointed Class Representative for purposes of settlement.

13. Raymond P. Boucher, Shehnaz M. Bhujwala, and Brandon K. Brouillette of Boucher, LLP, and Sahag Majarian II of Law Offices of Sahag Majarian II, are appointed as Class Counsel for the Class for purposes of settlement.

14. Defendants agree for the Settlement Administrator, CPT Group, Inc., to pay from the Maximum Settlement Amount: (i) the Claims Administrator its reasonable fees for its services; (ii) the PAGA Penalty Payment to the LWDA; and (iii) the Incentive Payment to the Class Representative to reimburse him for his valuable services to the Settlement Class.

A. The Court hereby approves the payment of settlement administration costs in the amount of $56,500.00 to CPT Group, Inc., the Claims Administrator, for services rendered in this matter.

B. The Court hereby approves the payment of $7,500.00 from the Maximum Settlement Fund to the California Labor Workforce Development Agency ("LWDA").

C. The Court also approves the Class Representative Service Award to the Class Representative in the amount of $5,000.00, payable from the Maximum Settlement Fund, in recognition of her service to the Class in initiating and maintaining this litigation.

15. The Court hereby awards to Class Counsel the amount of $500,000.00 for attorneys' fees. Based on Plaintiff's Fees Motion, the Court determined that the requested legal fees meets the 25% benchmark for attorneys' fees in the Ninth Circuit, are supported by the lodestar cross-check conducted by the Court with the application of a reasonable multiplier of approximately 1.045, and are reasonable based on detailed information regarding the work performed that was submitted by Class Counsel.

16. The Court hereby awards to Class Counsel the amount of $16,266.16 for reimbursement of reasonable litigation costs incurred in this Action.

17. Of the attorneys' fees and costs awarded to Class Counsel herein, the amount of $39,381.50, representing the firm's *quantum meruit* based on lodestar hours for Khorrami, LLP, and the amount of $1,737.15, representing costs incurred by the Khorrami firm, shall be paid into to a segregated account maintained by Boucher, LLP for the benefit of the Khorrami firm's creditors.

18. The Court finds that the payments to the Settlement Administrator, LWDA, the Class Representative, and Class Counsel are fair and reasonable. The Settlement Administrator is directed to make the foregoing payments in accordance with the terms of the Stipulation and Class Counsel's further instructions.

19. This document shall constitute a judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

DATED: January 15, 2016

_____
HON. R. GARY KLAUSNER